IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA CLADEK,

    Plaintiff,

vs.                                           CASE NO. 4:14cv187-MW/CAS

PAUL PAGANO,
JOHN DOE and JANE DOE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff has filed an amended civil rights complaint, doc. 17. This version of the complaint has been reviewed as required by 28 U.S.C. § 1915A.

    Plaintiff did not set forth the statement of facts in separately numbered paragraphs as required by Federal Rule of Civil Procedure 10(b). Indeed, Plaintiff has not presented facts in support of her claims but, rather, Plaintiff has made only conclusory allegations. Plaintiff asserts, without providing the facts to support the claim, that Defendants "acted to bring about the bankruptcy of Plaintiff's company" in December 2008. Doc. 17 at 3. Defendants contacted Plaintiff's Noteholders and caused economic injury, resulting in Plaintiff having to file for bankruptcy on behalf of her company in April 2010. *Id.* Plaintiff further contends that Defendant had a "conspiracy to interfere with civil rights" when the Defendants sent letters and

questionnaires to the Noteholders. *Id.* Plaintiff also claims the Defendants are liable for failing to prevent the actions of the others involved in the conspiracy. *Id.* at 4. Finally, Plaintiff contends that her equal protection rights were violated by Defendants' actions because no other similarly situated persons were treated the same way. *Id.* Plaintiff claims Defendants did not attack "the relationship between noteholders and the company owner to bring about the bankruptcy of the person's company." *Id.*

Plaintiff claims Defendants violated her right to be free from an attack designed to cause economic injury and to be free from a conspiracy to violate her rights. Doc. 1 at 5. As relief, Plaintiff seeks compensatory damages for her "economic injury" and those of the Noteholders, as well as punitive damages. *Id.*

Plaintiff has not presented a viable civil rights claim because there is no right to not suffer economic injury or avoid bankruptcy. Plaintiff has not presented any allegations which reveal that her rights were violated.

Plaintiff attempted to present an equal protection claim, presumably as a "class of one." However, even in a "class of one" claim, Plaintiff must still show that she was treated differently from other similarly situated individuals, and that Defendants intention treated Plaintiff differently and there was no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). Here, Plaintiff presents no factual allegations which reveal that any Defendant intentionally discriminated against her, nor does she assert any basis for discrimination such as her race, gender, or some other constitutionally protected status. It is not enough for Plaintiff to make a conclusory assertion that other persons were treated better. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d

1359, 1367-68 (11th Cir. 1998) (finding that "[b]are allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these ''other' applicants were situated similarly to the plaintiff."). Plaintiff does not provide a single factual allegation which demonstrates that a similarly situated person was treated differently, intentionally, nor does she even allege a basis for the alleged discrimination. This conclusory claim must fail as a matter of law.

Moreover, Plaintiff's claims against the Defendants are barred. A federal § 1983 civil rights claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's amended complaint alleges that the Defendants actions took place in 2008. Doc. 17. This case was not filed, however, until April 2014. Thus, the claims against the Defendants for the acts alleged are barred by the statute of limitations and must be dismissed.

To the degree Plaintiff alleges a conspiracy, that claim lacks merit as well. Plaintiff includes John Doe and Jane Doe Defendants along with Defendant Pagano. Doc. 17 at 2. All Defendants are alleged to have been employed in the Office of Financial Regulation and conspired "to interfere" with Plaintiff's civil rights. Doc. 17 at 3. "A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by

showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right."  Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010), *citing* GJR Invs., Inc., 132 F.3d at 1370.  Plaintiff has not shown "the actual denial" of a constitutional right.  Moreover,  "[t]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) ( en banc), *quoted in* Grider, 618 F.3d at 1261.  "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  McAndrew, 206 F.3d at 1036, *quoted in* Grider, 618 F.3d at 1261.  The doctrine has been extended beyond the world of corporations, and applies to public entities as well.  Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (holding that where the "only two conspirators identified" were both City employees, the intracorporate conspiracy doctrine barred plaintiffs' § 1985 conspiracy claims), *citing* Dickerson v. Alachua County Comm'n, 200 F.3d 761, 768 (11th Cir. 2000); *see also* Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010) (stating that "intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization").  Because all Defendants are alleged to be employed in the same office, the conspiracy claims against them are barred by the intracorporate conspiracy doctrine and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2014.

  S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**